JOHN G. WALLACE, PLAINTIFF, v. LEHIGH VALLEY RAILROAD COMPANY, DEFENDANT.

Submitted February 2, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Hobart & Minard.*

*Contra, Reger & Smith (John F. Reger, of counsel).*

PER CURIAM.

This is defendant's rule to show cause why plaintiff's verdict should not be set aside with exceptions reserved.

The suit was brought to recover damages sustained by the plaintiff as the result of a collision which occurred on the morning of January 7th, 1930, between a locomotive operated by the defendant company and a Chevrolet automobile owned and operated by the plaintiff, on the South Somerville grade crossing of the main line of defendant's tracks, in which plaintiff's automobile was demolished; and this suit was for the value of the car and for the loss sustained by being deprived of its use.

The evidence produced by the plaintiff at the trial reasonably tended to show that the plaintiff in his automobile approached the crossing on his right-hand side of the highway; that there was a fog at the time; that there was a crossing gateman and the gates were up; that there was a crossing bell that was not ringing, and that no bell was rung or whistle blown by the train; that the plaintiff proceeded cautiously, having shifted his gear into second; that he was proceeding about fifteen miles an hour; that he was still in second gear when the wheels of his car struck the rails which protruded above the roadbed and caused him to lose control of his car and the car "flopped" to one side and lodged between the rails causing the engine to stall; that the defendant's train, drawn by the locomotive, was then so close that it could be heard by the plaintiff as his car stalled upon the tracks, but because of a curve could not be seen; that plain-

tiff endeavored to remove his car from the tracks but failed; that the crossing proper, as filled between the tracks, was much narrower than the approach and was of asphalt, tar and cracked stone mixture; that it had been worn down, leaving a gully or opening, and the rails projected three or four inches above the roadbed; that the gully was in some places six or eight inches wide; that there was no planking along the rails and had been none for some years; that these conditions applied to the entire crossing; that the tracks did not run straight across the road but crossed at an angle.

Such was the posture of the proofs as the jury might have found, and presumably did find, from the testimony given by numerous witnesses for the plaintiff, even though the testimony upon the part of the defendant company was in some material aspects contradictory thereof.

On the question of damages the jury might well have found from the evidence that the plaintiff's automobile which was hit by the defendant's locomotive, was so damaged that it was not worth repair; that the automobile had been kept in good condition having been serviced every thirty days; that the plaintiff had purchased the automobile when it was new two years prior to the accident for $662. The jury found a verdict in favor of the plaintiff and against the defendant's counter-claim for damages to its engine. The amount of the plaintiff's verdict was $375.

The defendant's first point is that the verdict was against the clear weight of the evidence upon the issue of defendant's negligence and plaintiff's contributory negligence and upon the issue of proximate cause.

We think that it was clearly open to the jury to find, as it evidently did, that the defendant company was negligent in failing to keep in proper repair this railroad crossing, with the direct result that because of its failure, the automobile of the plaintiff, driven in the exercise of due care, was demolished.

We reach this conclusion even though there was testimony upon the part of the defendant tending to support the defendant's contention that the plaintiff was at fault in proceeding

in the fog, and that by reason of the fog, failed to keep upon that part of the crossing which prudence would have required, thereby putting his automobile, or some portion of it, off of the crossing.

Shortly, we think that the jury was amply justified in finding for the plaintiff on this phase of the case, and against the defendant on its counter-claim, and that the jury's verdict cannot be said to be against the clear weight of the evidence upon these issues.

It is lastly said that the verdict was excessive. We think the testimony to which we have referred puts the case in a position where it cannot properly be said that the verdict is excessive.

The rule to show cause will be discharged, with costs.